**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION**

| | | |
|---|---|---|
| **REBECCA ROGERS** | * | **CIVIL ACTION NO.** |
| **V.** | * | **JUDGE** |
| **COCA COLA BOTTLING COMPANY UNITED, INC** | * | **MAGISTRATE** <br> **JURY DEMAND** |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes REBECCA ROGERS, ("Plaintiff"), who respectfully represents the following:

**I. JURISDICTION**

1. This is an action for declaratory, injunctive and monetary relief in violation of the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. Section 2601 et. seq., Americans with Disabilities Act, codified at 42 U.S.C. Sections 12101 et. seq., and Title VII of the Civil Rights Act of 1964, as Amended in 1991, codified at 42 U.S.C. 2000 et. seq. Jurisdiction is based on 29 U.S.C. Section 2617(a)(2), 42 U.S.C. Section 12117, 42 U.S.C. Sections 2000e-2 and 2000e-3, and 28 U.S.C. Section 1331. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

**II. PARTIES**

2. Plaintiff, REBECCA ROGERS, is an adult female and a resident of State of Louisiana currently residing in Baton Rouge, Louisiana.

3. Made Defendant in this action is:

COCA COLA BOTTLING COMPANY UNITED, INC ("Defendant"), a corporation doing business in the state of Louisiana who may be served through its registered agent: CT Corporation System at 3867 Plaza Tower Dr., Baton Rouge, LA 70816. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

4. Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. Section 2611(4) and 42 U.S.C. Section 12101 et. seq. and applicable state law.

### III. VENUE

5. Venue lies in this Court as the unlawful employment practices and other actions made the basis of this suit occurred within the Western District of Louisiana.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff was employed with Defendant since March 27, 2006, in the position of Director of Human Resources of the Gulf Coast Region. At the time of her constructive discharge, Plaintiff was serving in the position of the Director of Learning and Organizational Development in.

7. On April 1, 2018, Defendant promoted Gianetta Jones ("Ms. Jones") to the position of Vice President of Human Resources.

8. In August 2018, Plaintiff went to the doctor with tremendous pain in her left shoulder. Doctor confirmed that Plaintiff needed rotator cuff surgery and it was scheduled for November 14, 2018. Plaintiff requested FMLA leave on November 13, 2018.

9. Additionally, on April 25, 2018, Plaintiff let Ms. Jones know that she had an appointment with her oncologist for blood work.

10. On September 4, 2018, Plaintiff met with Ms. Jones, and her supervisor, Hafiz

Chandiwala, to discuss departmental goals for next year.

11. During that meeting, Plaintiff was told that an anonymous call had been received about her and that HR was investigating it. Plaintiff was never told when she made this complaint or when the complaint had been made. The timing of the same, however, was withing days of her notifying Defendant of her disability and of her need for leave under the FMLA.

12. On October 29, 2018, Plaintiff received a call from the Corporate HR Director, Janice Lewis ("Ms. Lewis"), who reminded Plaintiff, that she attended the October 23, 2018, staff meeting and that medical claims were discussed.

13. Ms. Lewis asked Plaintiff to develop training content for the recruiters to screen for medical claims. Ms. Lewis said that sick people are coming to Coca-Cola just to get on their health insurance plan.

14. Ms. Lewis also asked that the team under Plaintiff's supervision develop training material for all recruiters, so that they could identify applicants who inadvertently mentioned their medical condition during the interview.

15. In early November, 2018, Plaintiff received a call from Ms. Jones stating that the investigation of the "anonymous complaint" was complete and asking Plaintiff to come to her office on November 6, 2018.

16. During that meeting, Ms. Jones presented Plaintiff with a completed Performance Improvement Plan ("PIP"), stating that Plaintiff had made an inappropriate comment a few years ago and, and was, thus, now being disciplined for the same.

17. Punitive consequences of a PIP included forfeiting of future salary increases, bonuses,

and tuition assistance.

18. Ms. Jones also added a few additional tasks to Plaintiff's responsibilities and set deadlines for their completion on December 14, 2018, December 21, 2018, and January 4, 2019.

19. Plaintiff told Ms. Jones that she disagreed with being placed on a PIP and further stated that she believed this action was in retaliation for her taking protected FMLA leave and filing medical claims for her disability. Plaintiff further notified Ms. Jones that she opposed this and other discriminatory practices.

20. Ms. Jones knew for months that Plaintiff was having a surgery the following week and would be unable to work. The deadlines Ms. Jones imposed to complete the tasks were unreasonable since Plaintiff would be out on FMLA leave until at least the end of December, 2018.

21. Ms. Jones responded to Plaintiff's complaint regarding her own disability by stating, "I don't care about your shoulder surgery, we are looking for big stuff … like cancer."

22. Plaintiff replied, "like Mike Duchrow?" Mr. Duchrow was the plant manager at Coca-Cola United in Baton Rouge, who had cancer. His employment was terminated in 2018, while he was undergoing chemotherapy. Before he passed away, Mr. Duchrow told Plaintiff that the company allegedly received an anonymous phone call about him as well. He died about six months after his employment was terminated. Plaintiff used this example to show the pattern of despicable and illegal behavior of Defendant regarding disability discrimination.

23. On January 14, 2019, Plaintiff returned from FMLA. Immediately, she began

experiencing retaliation, which retaliation includes, but not limited to increased scrutiny of her work, and having to obtain permission from her manager do perform tasks she had previously performed as part of her duties.

24. Additionally, Plaintiff was discriminated against based on her gender, as she was disciplined for the same conduct that her similarly situated male comparators routinely engaged in, and for which they were not disciplined for.

25. On March 13, 2019 Plaintiff tendered a letter of constructive discharge because her working conditions had become so intolerable that no reasonable person could be expected to work in such environment. Her last day of work was March 29, 2019.

26. Plaintiff was replaced by a male employee, Mr. Mike Dupre, with less experience than her.

## V.   CAUSE OF ACTION

27. The actions and conduct of Defendant set forth herein constitute interference, restraint or denial of Plaintiff's rights under the FMLA in violation of 29 U.S.C. §2615 in the following non-exclusive particulars:

    (a) interfering with or restraining FMLA protected leave;

    (b) Failing to reinstate Plaintiff following the FMLA leave;

    (c) Retaliating against Plaintiff for requesting leave due under the FMLA; and

    (d) Retaliating against Plaintiff as a result of her leave under FMLA

28. The actions and conduct of Defendant set forth herein constitutes retaliation for opposing discrimination due to disability, for her own disability and/or being regarded as disabled in violation of 42 U.S.C. Section 12101 et. seq. and La.R.S. 23:321.

29. The actions, conduct, and practices of Defendant complained of herein constitute purposeful discrimination against Plaintiff based upon her gender and/or retaliation for opposition to discrimination in violation of 42 U.S.C. 2000e-2 and 2000e-3, and La. R.S. 23:301 et. seq., and La R.S. 51:2256.

30. The actions and conduct of Defendant set forth herein violate La.R.S. 23:927 et. seq.

31. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally-protected rights and caused Plaintiff emotional distress.

32. As a result of the actions taken by Defendant, Plaintiff has suffered tremendous anxiety, mental anguish, mental suffering, humiliation and embarrassment. The damage done to Plaintiff's reputation as an employee has been enormous, and Plaintiff has suffered both economic and emotional distress because of Defendant's conduct.

33. The conduct of Defendant complained of herein, directly and/or proximately caused Plaintiff to suffer severe and painful injuries and damages which presently include, but are not limited to:

    a. Severe emotional distress, mental anguish, embarrassment, humiliation;
    b. physical pain and suffering;
    c. past medical expenses;
    d. future medical expenses;
    e. loss of enjoyment of life;
    f. loss of earnings and/or earning capacity; and

g.  all other elements of damages and injuries, as may be shown at the trial of this matter.

## VI.    JURY TRIAL DEMANDED

34.    Plaintiff demands a trial by jury as to all matters permitted by law.

## VII.    RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A)    that the Court declare the employment practices of which complaint is made to be in violation of 29 U.S.C. Sections 2601 et. seq., 42 U.S.C. Sections 12101 et. seq., 42 U.S.C. Sections 2000e-2 and 2000e-3, La.R.S. 23:301 et. seq., La.R.S. 51:2256, La.R.S. 23:321, La.R.S. 23:967, and otherwise inculpatory and illegal;

(B)    that the Court order Defendant to pay front pay and lost future wages in amounts to be determined by the jury;

(C)    that Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which he may have been entitled or which she may have lost as a result of the discrimination or retaliation or tortious conduct against her;

(D)    that Plaintiff be awarded compensatory and liquidated damages pursuant to 29 U.S.C. Section 2617(a), 42 U.S.C. Section 12101 et. seq., 42 U.S.C. 2000 et. seq., La.R.S. 23:301 et. seq., and La.R.S. 51:2256, La.R.S. 23:321 and La.R.S. 23:967;

(E)    that Plaintiff be awarded the costs of this action, including attorneys' fees, pursuant to 29 U.S.C. Section 2617(a)(3), 42 U.S.C. Section 12101 et. seq., 42 U.S.C. 2000 et. seq., La.R.S. 23:301 et. seq., and La.R.S. 51:2256, La.R.S. 23:321, La.R.S. 23:967 and any other applicable state law;

(F)   for trial by jury for those matters triable to a jury; and

(G)   that Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: ___*/s/ Allison A. Jones*___
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| REBECCA ROGERS | * | CIVIL ACTION NO. |
| V. | * | JUDGE |
| COCA COLA BOTTLING COMPANY UNITED, INC | * | MAGISTRATE JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared REBECCA ROGERS, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
REBECCA ROGERS
LA DC 0033491/44

SWORN TO AND SUBSCRIBED before me, Notary Public, this 21st Day of January, 2020.

_____
NOTARY PUBLIC
RICHARD C. MILLER
ID # 49230

RICHARD C. MILLER
Notary Public
Parish of East Baton Rouge
Notary ID No. 49230
State of Louisiana

1